8/27/2021 12:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56730073
By: Joshua Hall
Filed: 8/27/2021 12:36 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **JOHN WILLIAMS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **LIGHTNING LOGISTICS AND** | § | |
| **TRANSPORT, INC. AND RAYMEL** | § | **HARRIS COUNTY, TEXAS** |
| **D. POWELL** | § | |
| *Defendants* | | |

## PLAINTIFF'S ORIGINAL PETITION

John Williams, hereinafter called Plaintiff, files his original petition against Raymel D. Powell, and Lightning Logistics and Transport, Inc. hereinafter called Defendants, and would show the Court the following:

### I.  DISCOVERY CONTROL PLAN LEVEL

1.      Pursuant to Texas Rule of Civil Procedure 190.4 the discovery of this case is to be conducted under a Level 3 Discovery Control Plan to be agreed upon by the parties.

### II.  PARTIES AND SERVICE

2.      Plaintiff, John Williams, is a resident of Harris County, Texas.

3.      Defendant, Raymel D. Powell, is an Individual who is a resident of Missouri.  He may be served with process at his home at the following address:  202 Sheppard Rd, Jackson, MS 39206, or wherever he may be found.  Service of said Defendant can be effected by personal delivery.

4.      Defendant, Lightning Logistics and Transport, Inc., a foreign corporation whose registered office is located in Georgia at 587 S New Salem Rd, Griffin, GA 30223, may be served with process by serving its registered agent for service of process, Stephen Gaddis, at 587 S New Salem Rd, Griffin, GA 30223.

### III.  JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Defendant Raymel D. Powell purposefully availed himself purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      This court has jurisdiction over the parties because Defendant Lightning Logistics and Transport, Inc. purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.      Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.  FACTS

9.      On July 5, 2021, Plaintiff John Williams was driving his vehicle eastbound on the 8300 block of Fallbrook Drive Harris County, Texas. At the same time, Defendant Raymel D. Powell was exiting from a private driveway, attempting to cross the eastbound lanes of Fallbrook Drive and turn left onto the westbound lanes of Fallbrook Drive in Harris County, Texas while driving an 18-wheeler towing a trailer in the course and scope of his employment for Lightning Logistics and Transport, Inc.. As Plaintiff approached the section of Fallbrook Drive in front of

2

the private drive on the through-road, Defendant failed to keep a proper lookout and control his

speed, pulled out in front of Plaintiff without having the right-of-way, and caused a collision with

Plaintiff's vehicle. As a result of the collision, Plaintiff suffered serious bodily injuries.

## V.  PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST RAYMEL D. POWELL

10.     Defendant Raymel D. Powell had a duty to exercise the degree of care that a person

of ordinary prudence would use to avoid harm to others under circumstances similar to those

described herein.

11.     Plaintiff's injuries were proximately caused by Defendant Raymel D. Powell's

negligent, careless and reckless disregard of said duty.

12.     The negligent, careless and reckless disregard of duty of Defendant Raymel D.

Powell consisted of, but is not limited to, the following acts and omissions:

> A.     In that Defendant Raymel D. Powell failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

> B.     In that Defendant Raymel D. Powell was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

> C.     In that Defendant Raymel D. Powell failed to operate a motor vehicle as a person using ordinary prudent care would have done;

> D.     In that Defendant Raymel D. Powell failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

> E.     In that Defendant Raymel D. Powell failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

> F.     In that Defendant Raymel D. Powell failed to turn his motor vehicle in an effort to avoid the collision complained of;

3

G.     In that Defendant Raymel D. Powell failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

H.     In that Defendant Raymel D. Powell failed to stop at an Official-Traffic Control Device; and

I.     In that Defendant Raymel D. Powell failed to yield the right-of-way to Plaintiff.

## VI.  PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR
## AGAINST DEFENDANT LIGHTNING LOGISTICS AND TRANSPORT, INC.

13.    Plaintiff was injured as a result of Defendant Lightning Logistics and Transport, Inc.'s employee's negligence.

14.    Defendant Lightning Logistics and Transport, Inc.'s employee's negligence was performed while employee was within the course and scope of that employment.

15.    Defendant Lightning Logistics and Transport, Inc.'s employee had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16.    Plaintiffs' injuries were proximately caused by Defendant Lightning Logistics and Transport, Inc.'s employee's negligent, careless and/or reckless disregard of said duty.

17.    The negligent, careless and/or reckless disregard of duty of Defendant Lightning Logistics and Transport, Inc.'s employee consisted of, but is not limited to, the following acts and omissions:

A.     In that Defendant Raymel D. Powell failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.     In that Defendant Raymel D. Powell was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

4

C. In that Defendant Raymel D. Powell failed to operate a motor vehicle as a person using ordinary prudent care would have done;

D. In that Defendant Raymel D. Powell failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

E. In that Defendant Raymel D. Powell failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

F. In that Defendant Raymel D. Powell failed to turn his motor vehicle in an effort to avoid the collision complained of;

G. In that Defendant Raymel D. Powell failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

H. In that Defendant Raymel D. Powell failed to stop at an Official-Traffic Control Device; and

I. In that Defendant Raymel D. Powell failed to yield the right-of-way to Plaintiff.

## VII.  DAMAGES FOR PLAINTIFF JOHN WILLIAMS

18. Plaintiff incorporates all factual allegations made above.

19. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and future.

20. Plaintiff seeks monetary relief of over $1,000,000.

## VIII.  DEMAND FOR TRIAL BY JURY

21. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX.  REQUESTS FOR DISCLOSURE

22. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant

disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## X.     RULE 193.7 NOTICE

23.     Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XI.     PRAYER

Plaintiff prays that citation issue and be served upon Defendants requiring them to appear and answer.  Plaintiff seeks damages as set forth above in excess of the minimum jurisdictional limits of this court, monetary relief in excess of $1,000,000, pre-judgment and post-judgment interest, court costs, punitive damages, and all such other relief to which Plaintiff shows himself justly entitled as well as the monetary value of these damages, which include, but are not limited to:

1. Reasonable medical care and expenses in the past;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering in the future;

5. Physical impairment in the past;

6. Physical impairment which, in all reasonable probability, will be suffered in the future;

7. Physical disfigurement;

8. Loss of Wages in the past;

9. Loss of Wages in the future;

10. Mental anguish in the past;

11. Mental anguish in the future; and

12. Property damage

Respectfully submitted,

**THE MORRELL LAW FIRM, PLLC**

By: _/s/ Christopher Morrell_

Christopher Morrell
State Bar No. 24077383
Email: cmorrell@themorrellfirm.com
Boone Moyle
State Bar No. 24121238
Email: bmoyle@themorrellfirm.com

3730 Kirby, Suite 1030
Houston, Texas 77098
(833) 667-7355 / F: (713) 322-5998
ECF:  team@themorrellfirm.com

**ATTORNEYS FOR PLAINTIFF**

7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Christopher Morrell on behalf of Christopher Morrell
Bar No. 24077383
cmorrell@themorrellfirm.com
Envelope ID: 56730073
Status as of 8/27/2021 1:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Boone Moyle | | bmoyle@themorrellfirm.com | 8/27/2021 12:36:50 PM | SENT |
| Christopher Morrell | | cmorrell@themorrellfirm.com | 8/27/2021 12:36:50 PM | SENT |
| Mariselma Ayala-Stephens | | mayala-stephens@themorrellfirm.com | 8/27/2021 12:36:50 PM | SENT |

8/27/2021 12:36:50 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 56730073
By: HALL, JOSHUA E
Filed: 8/27/2021 12:36:50 PM

**CIVIL CASE INFORMATION SHEET**

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ | COURT *(FOR CLERK USE ONLY)*: _____ |
|---|---|

STYLED John Williams vs. Raymel D. Powell and Lightning Logistics and Transport, Inc.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Christopher Morrell<br>**Email:** cmorrell@themorrellfirm.com | **Plaintiff(s)/Petitioner(s):** John Williams | ☑ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| **Address:** 3730 Kirby Drive, Suite 1030<br>**Telephone:** 833-667-7355 | **Defendant(s)/Respondent(s):** Raymel D. Powell<br>Lightning Logistics and Transport, Inc. | **Additional Parties in Child Support Case:**<br>**Custodial Parent:** _____<br>**Non-Custodial Parent:** _____ |
| **City/State/Zip:** Houston, TX 77098<br>**Fax:** 713-322-5998 | | **Presumed Father:** _____ |
| **Signature:** Christopher Morrell<br>**State Bar No:** 24077383 | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☑ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

Rev 2/13

11/23/2021 12:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59429990
By: Jennifer Ochoa
Filed: 11/23/2021 12:52 PM

CAUSE NO. 202154192

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 898482   TR# 73908178
EML

| | |
|---|---|
| Plaintiff:<br>WILLIAMS, JOHN<br>vs.<br>Defendant:<br>POWELL, RAYMEL D | In The 334th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   LIGHTNING LOGISTICS AND TRANSPORT INC (A FOREIGN CORPORATION) MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT STEPHEN GADDIS
587 S NEW SALEM RD, GRIFFIN GA 30223

        Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 27, 2021 in the above cited cause number and court.  The instrument attached describes the claim against you.

        YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

        This citation was issued on August 30, 2021, under my hand and seal of said court.

Issued at the request of:

MORRELL, CHRISTOPHER LEE
3730 KIRBY, SUITE 1030
HOUSTON, TX  77098
833-667-7355
Bar Number: 24077383



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston, TX 77002
(PO  Box  4651,  Houston,  TX
77210)

Generated By: JOSHUA HALL

Tracking Number: 73908178
EML

CAUSE NUMBER: 202154192

PLAINTIFF: WILLIAMS, JOHN

    vs.

DEFENDANT: POWELL, RAYMEL D

In the 334th
Judicial District Court of
Harris County, Texas

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at ____12: 41____ o'clock __P__. M. on the ____10 TH____ day of ____NOVEMBER____, 20_21__. Executed at

(Address) ____587 S. NEW SALAM RD, GRIFFIN, GEORGIA, 30223____ in

____SPALDING____ County at o'clock ____9____. A. M. On the ____20____ day of ____NOVEMBER____, 20_21__, by

Delivering to ____Lightning Logistics And Transport in c/o Stephen Gaddis,Authorized____ defendant, in person, a true copy of this Citation together with the accompanying ____1____ copy(ies) of the Petition. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this ____23____ day of ____NOVEMBER____, 20.

Fees $____85.00____

By _Rochelle Earthrise_
Affiant ROCHELLE EARTHRISE CPS 236

Deputy / NOTARY

On this day, ____ROCHELLE EARTHRISE____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this ____23____ day of ____NOVEMBER____, 20_21__

The State of Georgia, Dekalb County

Notary P___

SUSAN EARTHRISE
MY COMMISSION EXPIRES
NOTARY PUBLIC
JULY 19, 2024
DEKLB COUNTY, GEORGIA

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Christopher Morrell on behalf of Christopher Morrell
Bar No. 24077383
cmorrell@themorrellfirm.com
Envelope ID: 59429990
Status as of 11/23/2021 2:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Morrell | | cmorrell@themorrellfirm.com | 11/23/2021 12:52:42 PM | SENT |
| Mariselma Ayala-Stephens | | mayala-stephens@themorrellfirm.com | 11/23/2021 12:52:42 PM | SENT |

12/10/2021 4:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59928940
By: Iliana Perez
Filed: 12/10/2021 4:21 PM

CAUSE NO. 2021-54192

| | | |
|---|---|---|
| JOHN WILLIAMS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIGHTNING LOGISTICS AND | § | |
| TRANSPORT, INC. AND RAYMEL | § | |
| D. POWELL, | § | |
| | § | |
| *Defendants* | § | 334th JUDICIAL DISTRICT |

**DEFENDANT RAYMEL D. POWELL'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Raymel D. Powell, Defendant in the above-numbered cause and in answer to Plaintiff's Original Petition, would respectfully show unto this Honorable Court and Jury as follows:

**GENERAL DENIAL**

1. Defendant herein, pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, denies each and every, singular and all, the allegations contained in Plaintiff's Original Petition says that the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof. Defendant further reserves the right to amend this answer at a future date in accordance with the Texas Rules of Civil Procedure as more specific knowledge becomes available.

**AFFIRMATIVE DEFENSES**

2. Pleading further and without waiving the foregoing, Defendant would further show that resulting damages to Plaintiff, if any, were proximately caused by the negligence of third parties over which Defendant had no control nor right of control at the time of the incident made the basis of Plaintiff's suit. The incident was proximately caused, in whole or in part, by a new,

independent, and/or superseding act or omission of negligence or breach of some duty or

warrantyof third parties over whom these Defendant had no control or right of control.

     3.     Defendant specifically pleads, invokes, and reserves the following rights as

guaranteed by Chapters 32 and 33 of Texas Civil Practice & Remedies Code to the extent they

areultimately applicable to this case:

     a)     The right to a reduction of any dollar verdict which may be rendered in thiscase in accordance with §§33.012-.013 of the Texas Civil Practice & Remedies Code.

     b)     The right to have the trier-of-fact compare the responsibility of each party,each settling person, and each responsible third party and assign percentages to such parties, persons, and responsible third parties in accordance with the provisions of Chapter 33 of the Texas Civil Practice &Remedies Code.

     c)     The right to contribution in accordance with the provisions of §§ 32.001 etseq. and §§ 33.015-.016 of the Texas Civil Practice & Remedies Code.

     4.     Defendant invokes TEX. CIV. PRAC. & REM. CODE §41.0105 and requests that

to the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, that the evidence

to prove such loss must be limited to the amount actually paid or incurred by or on behalf of

Plaintiff. Defendant further requests the Court to instruct the jury that any recovery for medical or

healthcareexpenses sought by Plaintiff is limited to the amount actually paid or incurred by or on

behalf of Plaintiff.

     5.     The injuries and/or damages for which the Plaintiff has sought compensation in

this suit (1) may have been caused, in whole or in part, by events, conditions, injuries, diseases,

and disabilities that occurred prior to the accident or (2) events, conditions, injuries, diseases, or

disabilities that occurred after the accident and were not caused by the accident nor any act or

omission attributable to Defendant.

     6.     The accident may have been solely and/or proximately caused by the Plaintiff's

failure to use ordinary care for his own safety.

7.        Pursuant to TEX. CIV. PRAC. & REM. CODE § 33.012, if any settlement has occurred with a settling party, Defendant is entitled to a credit.

8.        Defendant invokes the defenses, limitations, and/or provisions of Section 18.091 of the Texas Civil Practice and Remedies Code.  The Plaintiff's claim for lost earnings, lost earning capacity, or other losses that have pecuniary value, if any, must be presented in the form of a net loss after reduction for income tax payments or unpaid tax pursuant to federal income tax law.  Defendant also requests the Court to instruct the Jury that any recovery for lost earnings, lost earning capacity, or other losses that have pecuniary value is subject to federal or state income taxes.

9.        The Plaintiff may have failed to mitigate his damages.

## JURY DEMAND

10.       Further, Defendant herein, pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, hereby formally makes this demand and application for a jury trial in this litigation. A jury fee is being paid with this Original Answer.

## SPECIAL EXCEPTIONS

11.       Defendant specially excepts to Paragraph "VII. DAMAGES FOR PLAINTIFF JOHN WILLIAMS" of Plaintiff's Original Petition as it fails to specify the maximum amount of damages sought. *See* TEX. R. CIV. P. 47.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant herein prays that Plaintiff takes nothing by reason of this suit, that Defendant be discharged and that it goes hence with its costs, without delay, and for all such other and further relief, both general and special, at law and in

equity, to which it may show itself justly entitled, for which it will in duty bound forever pray.

Respectfully submitted,

**RESNICK & LOUIS, P.C.**

*/s/ Mary Holmesly*
**MARY HOLMESLY**
State Bar No. 24057907
Email: mholmesly@rlattorneys.com
JAS JORDAN
State Bar No. 24110069
Email: jjordan@rlattorneys.com
1512 Center Street, Suite 100
Houston, Texas 77007
Telephone/Facsimile: (281) 606-0637

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorneys of record in this cause of action pursuant to Texas Rule of Civil Procedure 21a, on the 10th day of December 2021.

Christopher Morrell
Boone Moyle
The Morrell Law Firm, PLLC
3730 Kirby, Suite 1030
Houston, Texas 77098

*/s/ Mary Holmesly*
Mary Holmesly

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Alison Shirley on behalf of Mary Holmesly
Bar No. 24057907
ashirley@rlattorneys.com
Envelope ID: 59928940
Status as of 12/10/2021 4:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Morrell | | cmorrell@themorrellfirm.com | 12/10/2021 4:21:01 PM | SENT |
| Mariselma Ayala-Stephens | | mayala-stephens@themorrellfirm.com | 12/10/2021 4:21:01 PM | SENT |
| Jeanne Smaistrla | | jsmaistrla@rlattorneys.com | 12/10/2021 4:21:01 PM | SENT |
| Service @ Resnick & Louis | | mail@rlattorneys.com | 12/10/2021 4:21:01 PM | SENT |
| Jasmine 'Jas'Jordan | | jjordan@rlattorneys.com | 12/10/2021 4:21:01 PM | SENT |
| Mary Holmesly | | mholmesly@rlattorneys.com | 12/10/2021 4:21:01 PM | SENT |

12/10/2021 4:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59928940
By: Iliana Perez
Filed: 12/10/2021 4:21 PM

CAUSE NO. 2021-54192

| | | |
|---|---|---|
| JOHN WILLIAMS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIGHTNING LOGISTICS AND | § | |
| TRANSPORT, INC. AND RAYMEL | § | |
| D. POWELL, | § | |
| | § | |
| *Defendants* | § | 334th JUDICIAL DISTRICT |

**DEFENDANT, LIGHTNING LOGISTICS AND TRANSPORT, INC.'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lightning Logistics and Transport, Inc., Defendant in the above-numbered cause and in answer to Plaintiff's Original Petition, would respectfully show unto this Honorable Court and Jury as follows:

**GENERAL DENIAL**

1.      Defendant herein, pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, denies each and every, singular and all, the allegations contained in Plaintiff's Original Petition says that the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof. Defendant further reserves the right to amend this answer at a future date in accordance with the Texas Rules of Civil Procedure as more specific knowledge becomes available.

**AFFIRMATIVE DEFENSES**

2.      Pleading further and without waiving the foregoing, Defendant would further show that resulting damages to Plaintiff, if any, were proximately caused by the negligence of third parties over which Defendant had no control nor right of control at the time of the incident made the basis of Plaintiff's suit. The incident was proximately caused, in whole or in part, by a new,

independent, and/or superseding act or omission of negligence or breach of some duty or

warrantyof third parties over whom these Defendant had no control or right of control.

    3.    Defendant specifically pleads, invokes, and reserves the following rights as

guaranteed by Chapters 32 and 33 of Texas Civil Practice & Remedies Code to the extent they

areultimately applicable to this case:

        a)    The right to a reduction of any dollar verdict which may be rendered in thiscase in accordance with §§33.012-.013 of the Texas Civil Practice & Remedies Code.

        b)    The right to have the trier-of-fact compare the responsibility of each party,each settling person, and each responsible third party and assign percentages to such parties, persons, and responsible third parties in accordance with the provisions of Chapter 33 of the Texas Civil Practice &Remedies Code.

        c)    The right to contribution in accordance with the provisions of §§ 32.001 etseq. and §§ 33.015-.016 of the Texas Civil Practice & Remedies Code.

    4.    Defendant invokes TEX. CIV. PRAC. & REM. CODE §41.0105 and requests that

to theextent Plaintiff seeks recovery of medical or healthcare expenses incurred, that the evidence

to prove such loss must be limited to the amount actually paid or incurred by or on behalf of

Plaintiff. Defendant further requests the Court to instruct the jury that any recovery for medical or

healthcareexpenses sought by Plaintiff is limited to the amount actually paid or incurred by or on

behalf of Plaintiff.

    5.    The injuries and/or damages for which the Plaintiff has sought compensation in

this suit (1) may have been caused, in whole or in part, by events, conditions, injuries, diseases,

and disabilities that occurred prior to the accident or (2) events, conditions, injuries, diseases, or

disabilities that occurred after the accident and were not caused by the accident nor any act or

omission attributable to Defendant.

    6.    The accident may have been solely and/or proximately caused by the Plaintiff's

failure to use ordinary care for his own safety.

7.      Pursuant to TEX. CIV. PRAC. & REM. CODE § 33.012, if any settlement has occurredwith a settling party, Defendant is entitled to a credit.

8.      Defendant invokes the defenses, limitations, and/or provisions of Section 18.091 of the Texas Civil Practice and Remedies Code.  The Plaintiff's claim for lost earnings, lost earning capacity, or other losses that have pecuniary value, if any, must be presented in the form of a net loss after reduction for income tax payments or unpaid tax pursuant to federal income tax law.  Defendant also requests the Court to instruct the Jury that any recovery for lost earnings, lost earning capacity, or other losses that have pecuniary value is subject to federal or state income taxes.

9.      The Plaintiff may have failed to mitigate his damages.

## JURY DEMAND

10.     Further, Defendant herein, pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, hereby formally makes this demand and application for a jury trial in this litigation. A jury fee is being paid with this Original Answer.

## SPECIAL EXCEPTIONS

11.     Defendant specially excepts to Paragraph "VII. DAMAGES FOR PLAINTIFF JOHN WILLIAMS" of Plaintiff's Original Petition as it fails to specify the maximum amount of damages sought. *See* TEX. R. CIV. P. 47.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant herein prays that Plaintiff takes nothing by reason of this suit, that Defendant be discharged and that it goes hence with its costs, without delay, and for all such other and further relief, both general and special, at law and in

equity, to which it may show itself justly entitled, for which it will in duty bound forever pray.

Respectfully submitted,

**RESNICK & LOUIS, P.C.**

*/s/ Mary Holmesly*
**MARY HOLMESLY**
State Bar No. 24057907
Email: mholmesly@rlattorneys.com
JAS JORDAN
State Bar No. 24110069
Email: jjordan@rlattorneys.com
1512 Center Street, Suite 100
Houston, Texas 77007
Telephone/Facsimile: (281) 606-0637

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been

served on all attorneys of record in this cause of action pursuant to Texas Rule of Civil Procedure

21a, on the 10th day of December 2021.

Christopher Morrell
Boone Moyle
The Morrell Law Firm, PLLC
3730 Kirby, Suite 1030
Houston, Texas 77098

*/s/ Mary Holmesly*
Mary Holmesly

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Alison Shirley on behalf of Mary Holmesly
Bar No. 24057907
ashirley@rlattorneys.com
Envelope ID: 59928940
Status as of 12/10/2021 4:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Morrell | | cmorrell@themorrellfirm.com | 12/10/2021 4:21:01 PM | SENT |
| Mariselma Ayala-Stephens | | mayala-stephens@themorrellfirm.com | 12/10/2021 4:21:01 PM | SENT |
| Jeanne Smaistrla | | jsmaistrla@rlattorneys.com | 12/10/2021 4:21:01 PM | SENT |
| Service @ Resnick & Louis | | mail@rlattorneys.com | 12/10/2021 4:21:01 PM | SENT |
| Jasmine 'Jas'Jordan | | jjordan@rlattorneys.com | 12/10/2021 4:21:01 PM | SENT |
| Mary Holmesly | | mholmesly@rlattorneys.com | 12/10/2021 4:21:01 PM | SENT |